# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| SASHA BEGUM NORMAN and<br>SHANE NORMAN, Individually and<br>as Next Friend of Minor Child S.N.,<br>    *Plaintiffs,*<br><br>vs.<br><br>BODUM USA, INC.,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. <u>1:19-cv-00502</u><br>§<br>§        JURY REQUESTED<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Plaintiffs Sasha Begum Norman and Shane Norman, Individually and as Next Friend of Minor Child S.N., complaining of Defendant Bodum USA, Inc., respectfully showing the Court as follows:

### I.
### Parties

1.1    Plaintiff, SASHA BEGUM NORMAN, brings suit individually and on behalf of her minor child, S.N. At all times pertinent, she and her child have been citizens of Texas, residing in San Antonio, Texas.

1.2    Plaintiff, SHANE NORMAN, brings suit individually and on behalf of his minor child, S.N. At all times pertinent, he and his child have been citizens of Texas, residing in San Antonio, Texas.

1.3    Defendant, BODUM USA, INC. (hereinafter, referred to as "Bodum"), is a Delaware corporation with its principal place of business in New York, New York. Bodum is authorized to conduct business in Texas, conducts business in Texas, and derives significant revenue from its activities in Texas. The subject Bodum Brazil 8-cup French Press was purchased in Texas, used in Texas

and failed in Texas. Accordingly, Bodum is subject to personal jurisdiction in Texas. Bodum may be served with process through its Texas Registered Agent, United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

## II.
## Jurisdiction and Venue

2.1    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between all Plaintiffs (Texas residents) and Defendant (a Delaware and New York corporation) and Plaintiffs seek damages in excess of $75,000, exclusive of interests and costs.

2.2    This Court has personal jurisdiction over Bodum because at the time Bodum designed, manufactured and placed the subject Bodum Brazil 8-cup French Press into the stream of commerce, including transactions with marketing and distributions vendors throughout Texas generally and in the San Antonio specifically, it knew at all times pertinent that the subject product would be sold and used in Texas. Bodum should have reasonably anticipated the need to answer any suit arising from an injury sustained by the use of the subject Bodum Brazil 8 cup French Press.

2.3    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the injury giving rise to this action occurred in San Antonio, Texas.

## III.
## Facts

3.1    In the summer of 2016, Sasha Begum Norman purchased a Bodum Brazil 8-cup French Press from a Target store in San Antonio, Texas. For approximately 15 months, her family used the subject coffee press without incident. On November 11, 2018, Shane Norman placed coffee grounds into the

subject coffee press. He boiled water, allowed it to simmer, then loaded the hot water into the coffee press. He allowed roughly four minutes to pass. Then, as they had done on multiple occasions, Mr. and Mrs. Norman allowed their son (S.N., DOB: 1/14/2013) to press the plunger into the container. This time, however, the glass unexpectedly broke, causing scalding water to burn 13% of their son's body, including his face, chest, both arms, neck and shoulder.

     3.2    Minor Child S.N. was rushed to the hospital for burn treatment. Despite enduring several medical procedures, including frequent and terribly painful debridements, S.N. has been left horribly disfigured and permanently scarred – both physically and emotionally.

## CLAIMS FOR RELIEF AGAINST BODUM
### IV.
### Products Liability – Design Defect and Manufacturing Defect

     4.1    The Bodum coffee press in question was originally designed, manufactured, and sold by Bodum.

     4.2    At the time the coffee press in question was sold, Bodum was in the business of designing, manufacturing, and selling coffee presses such as the one in question.

     4.3    At the time the coffee press was designed, manufactured, and sold by Bodum, it was defective in design and unreasonably dangerous as designed, as the coffee press in question did not possess an adequately designed steel coil component in its plunger unit. Specifically, the steel coil used in the coffee press plunger assembly did not prevent uncoiling of the steel coil's end-piece, allowing the end-piece to become uncoiled and jut toward the outer portion of the plunger, coming into contact with the glass container during use.



4.4     There was a safer alternative design other than the one used, including the incorporation of a welded end-piece of the steel coil (preventing the possibility of uncoiling), which was economically and technologically feasible at the time of production and would have prevented or significantly reduced the risk of the accident and/or injury in question without substantially impairing the coffee press' utility.

4.5     At the time the coffee press in question was sold, the defective design of the coffee press ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of coffee presses.

4.6     The defective and unreasonably dangerous design of the coffee press was a producing cause of the accident and the Plaintiffs' damages.

4.7     At the time the coffee press in question left the possession of Bodum, it was defective in manufacture, as it was an unreasonably dangerous product. Specifically, the plunger unit possessed a steel coil that has two end pieces. These steel ends were wrapped around the adjacent portion of the steel coil. At the time of manufacture, the steel end-piece was not adequately wrapped around the adjacent piece. During use, this end-piece became uncoiled, allowing the steel end-piece to come into contact with the glass container during use.



4.8     The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

4.9     The defective and unreasonably dangerous manufacture of the coffee press was a producing cause of the accident and Plaintiffs' damages.

4.10    At the time of the accident, the coffee press in question was in substantially the same condition as it was at the time it was placed into the stream of commerce.

4.11    No material alterations were made to the subject coffee press.

4.12    No mandatory safety standard or regulation adopted by and promulgated by the federal government or an agency of the federal government was applicable to the Bodum coffee press at the time it was manufactured that govern the product risk that caused the injuries and damages to the Plaintiffs. To the extent Bodum attempts, pursuant to §82.008 of the Texas Civil Practice and Remedies Code, to rely on any standards or regulations of the federal government, such standards or regulations were inadequate to protect against the risk of injury or damages that occurred in this accident and/or Bodum withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

## V.
## Negligence

5.1    Bodum committed acts of omission and commission, collectively and severally, constituting negligence, which were a proximate cause of the accident and Plaintiffs' damages.

5.2    Bodum's acts of negligence include the following:

    5.2.1   Negligently designing of the subject coffee press;

    5.2.2   Negligently manufacturing the subject coffee press;

    5.2.3   Negligently failing to properly test the subject coffee press;

    5.2.4   Negligently failing to warn consumers of a known danger/defect in the subject coffee press;

    5.2.5   Negligently failing to disclose post-sale information known about the dangers or defects in the subject coffee press;

    5.2.6   Negligently concealing known dangers associated with the subject coffee press;

    5.2.7   Negligently operating the plant where the subject coffee press was manufactured; and

5.2.8 Negligently failing to install quality control procedures, resulting in poor quality coffee press production and inspection.

# VI.
# Damages

6.1   Plaintiffs Sasha Begum Norman and Shane Norman seek compensatory damages arising from the injuries sustained by their minor child in the subject accident. They seek monetary damages from Defendant to compensate them for the following elements of damages:

- Physical pain and mental anguish Minor Child S.N. sustained in the past;

- Physical pain and mental anguish that, in reasonable probability, Minor Child S.N. will sustain in the future;

- Loss of earning capacity that, in reasonable probability, will be sustained in the future after Minor Child S.N. reaches the age of eighteen years;

- Disfigurement Minor Child S.N. sustained in the past;

- Disfigurement that, in reasonable probability, Minor Child S.N. will sustain in the future;

- Physical impairment Minor Child S.N. sustained in the past;

- Physical impairment that, in reasonable probability, Minor Child S.N. will sustain in the future;

- Medical care expenses incurred in the past on behalf of Minor Child S.N.;

- Medical care expenses that, in reasonable probability, will be incurred on behalf of Minor Child S.N. in the future from the time of trial until Minor Child S.N. reaches the age of eighteen years; and

- Medical care expenses that, in reasonable probability, Minor Child S.N. will incur after he reaches the age of eighteen years.

6.2   Plaintiffs Sasha Begum Norman and Shane Norman seek bystander damages for witnessing the horrific injuries negligently caused by Defendant's

product. Minor Child S.N. was and is the biological child of Sasha Begum Norman and Shane Norman. Both Sasha Begum Norman and Shane Norman were standing in close proximity to their child when he sustained severe burns. Sasha Begum Norman's and Shane Norman's mental anguish resulted from the direct emotional impact upon them from the sensory and contemporaneous observance of the accident. As such, they seek compensatory damages for their mental anguish.

## VII.
## Pre-Judgment and Post-Judgment Interest

7.1   Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## VIII.

## Jury Demand

8.1   Plaintiffs request a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant be cited to appear and answer herein, this cause be set for trial before a jury, and Plaintiffs recover judgment of and from Defendant for their actual damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be entitled, whether at law or in equity.

Dated this 9th day of May, 2019.

Respectfully submitted,

WATTS GUERRA, LLP

By: /s/ Mikal C. Watts
MIKAL C. WATTS
Federal Bar No. 12419
State Bar No. 20981820
mcwatts@wattsguerra.com

GUY WATTS
Federal Bar No. 30535
State Bar No. 24005316
gwatts@wattsguerra.com

811 Barton Springs Rd., Ste. 725
Austin, Texas 78704
Phone: (512) 479-0500
Fax: (512) 479-0502

ATTORNEYS FOR PLAINTIFFS