IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SASHA BEGUM NORMAN, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD S.N.; AND SHANE NORMAN, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD S.N.;<br>*Plaintiffs*<br><br>-vs-<br><br>BODUM USA, INC.,<br>*Defendant* | § § § § § § § § § § § § § | SA-19-CV-00494-XR |

## ORDER

On this date, the Court considered Defendant's Opposed Motion for Leave to Designate Plaintiff-Parents as Responsible Third Parties (ECF No. 36). The motion is DENIED.

Plaintiffs Sasha Begum Norman and Shane Norman filed this lawsuit against Bodum individually and as next friends of their minor child, S.N., after S.N. was injured using a Bodum coffee press. Bodum has pled the defense of comparative responsibility and asks that the jury "determine the percentage of responsibility for each plaintiff, each defendant, each third-party plaintiff or defendant, each cross-plaintiff or defendant, each settling person, and each responsible third party." ECF No. 5 at 13-14. The parties dispute whether Bodum can designate Sasha and Shane as responsible third parties, despite the fact that they are already parties to the case. The Court finds that Bodum cannot do so.

Texas utilizes a proportionate responsibility scheme for "any cause of action based on tort [or under the Deceptive Trade Practices Act] in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM. CODE § 33.002(a). The statute mandates that the trier of fact, as

1

to each cause of action asserted, "shall determine the percentage of responsibility, stated in whole numbers" of each claimant, defendant, settling person, and responsible third party designated under § 33.004 "with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought." *Id.* § 33.003(a).

A claimant is "a person seeking recovery of damages, including a plaintiff." *Id.* § 33.011. "Responsible third party" means "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* Although the statute states that a responsible third party is "any person," that person must necessarily be a *third party* to the case, and not an existing claimant.

Bodum acknowledges that "an RTP, as a 'third party,' is 'a party that is not otherwise a party to the litigation.'" ECF No. 36 at 5 (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 74 (Tex. App.–Houston [14th Dist.] 2016, orig. proc.)). Bodum also acknowledges that Shane and Sasha's proportionate responsibility will be submitted as claimants, and that their proportionate responsibility should be submitted to the jury only once. But Bodum files the motion "out of an abundance of caution" because of the deadline for filing dispositive motions.

The Court finds that designating Shane and Sasha as responsible third parties is not warranted as long as they are parties and will be submitted to the jury as "claimants" for the proportionate responsibility determination. A party cannot simultaneously be a party claimant and a responsible third party, and designation of an existing party as a responsible third party is redundant and potentially confusing. *Hernandez v. Wentwood St. James, L.P.*, No. H-09-0277, 2009 WL 2243698 (S.D. Tex. July 24, 2009) (finding no need to designate plaintiff separately as

a responsible third party). If at some point Shane and/or Sasha are no longer individual party claimants, the Court will consider a motion to designate them at that time.

Bodum's motion (ECF No. 36) is DENIED.

SIGNED this 8th of April, 2021.

_____
Xavier Rodriguez
United States District Judge